**UNITED STATES of America,
Appellee,**

v.

**Major COBB and Thomas Spivey,
Appellants.**

**No. 508, Docket 32148.**

United States Court of Appeals
Second Circuit.

Submitted May 15, 1968.

Decided May 27, 1968.

See also, D.C., 271 F.Supp. 159.

Joseph I. Stone, New York City, for appellants. Stone, Reichenbaum & Diller, New York City, for defendant-appellants.

Robert M. Morgenthau, U. S. Atty. for the Southern District of New York, New York City (Roger J. Hawke and Pierre N. Leval, Asst. U. S. Attys., New York City, of counsel), for appellee.

Before MOORE, HAYS and FEINBERG, Circuit Judges.

## PER CURIAM:

Appellants were charged with conspiring together with others to receive, conceal, buy, sell and transport, marihuana which had been imported contrary to law, in violation of 21 U.S.C. § 176a. Two of appellants' alleged co-conspirators, Murray Lapidus and Danny Klein, pleaded guilty in California to another indictment charging them with participation in the same conspiracy and were awaiting sentence on that charge at the time they testified as government witnesses at appellants' trial. Both appellants were convicted and sentenced to a term of imprisonment of five years. On appeal they raise six points, all of which we find to be lacking in merit.

■ (1) The proof clearly established a single conspiracy in which both appellants participated. There is no basis for appellants' characterization of the operation as "three separate conspiracies" and that their acts were those of an "independent contractor."

■ (2) There was sufficient testimony evidence that both appellants had possession of marihuana in order to establish the presumption, found in section 176a, of knowledge of illegal importation from evidence of possession. There was also evidence that at least appellant Cobb was aware of the fact that the marihuana came from Mexico.

■ (3) Appellants were not prejudiced by the fact that the government witnesses, Lapidus and Klein, had not been sentenced at the time they testified. This could only be a factor bearing upon their credibility. Such an argument was made to the trial judge, yet he, fully aware of all the circumstances, chose to believe the witnesses. See United States v. Franzese, 392 F.2d 954, 963 (2d Cir.1968).

■ (4) The trunk loads of marihuana were properly admitted into evidence. Marihuana from the so-called "lost shipment" was not the only marihuana introduced at the trial as claimed by appellants. There was sufficient testimony connecting all the marihuana with the conspiracy.

■ (5) Certain irrelevant photographs were correctly excluded from evidence as was the lengthy transcript of Lapidus' California grand jury testimony. The transcript was used extensively on cross-examination. To allow in the whole transcript would risk admitting much irrelevant and inadmissible evidence.

■ (6) The appellants' motion for a mistrial was properly denied. At one point the government offered to introduce the records of the Federal Detention Headquarters to show that the address given by appellant Spivey when he entered prison was the same to which an airbill for a shipment of marihuana was addressed. The evidence was rejected because it showed that Spivey was in jail for another crime. We need not decide whether the evidence was properly excluded. The case was tried before a judge and it is presumed that he will ignore matter which comes to his attention and is excluded from evidence, even if such matter includes the defendant's prior criminal record. United States v. Cimino, 321 F.2d 509, 511–512 (2d Cir. 1963), cert. denied, 375 U.S. 974, 84 S. Ct. 491, 11 L.Ed.2d 418 (1964).

The judgment is affirmed.